UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAMANUJ LAHIRI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-4489** |
| **UNITED STATES DEPARTMENT OF HOMELAND SECURITY, ET AL.** | **SECTION "B" (3)** |

ORDER AND REASONS

Before the Court is Defendants' Opposed Motion to Dismiss (Rec. Doc. No. 13). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendants' Opposed Motion to Dismiss, Rec. Doc. No. 13, is hereby **GRANTED.**

A party may invoke Federal Rule of Civil Procedure 12(b)(1) to challenge a district court's subject matter jurisdiction. The Court must grant a motion to dismiss for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998)(citation omitted). The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper. *Dow Agrosciences, LLC v. Bates,* 332 F.3d 323, 326 (5th Cir. 2003).

As it concerns subject matter jurisdiction, courts may not review the administrative decisions of the USCIS unless the appellant has first exhausted "all administrative remedies."

*Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000)(citing I.N.A. 242(d), 8 U.S.C. §1252(d)); *see also Chan v. Reno*, 916 F.Supp. 1289, 1297-99 (S.D.N.Y. 1996). The Fifth Circuit has recognized that an alien may not directly appeal an immigration judge's denial of a request for adjustment of immigration status although such a request may be renewed upon the commencement of removal proceedings. *Id.* (citing Austin T. Fragomen, Jr. et al., *Immigration Procedures Handbook* 13-91 (1999)("There is no direct appeal from [an adjustment of status] denial...If the alien believes that the adjustment application was wrongly denied, he or she has the right to reapply for adjustment of status as a part of deportation proceedings[.]")).

Additionally, while "federal courts retain habeas jurisdiction to review statutory and constitutional claims, there is no jurisdiction to review denials of discretionary relief." *Bravo v. Ashcroft*, 341 F.3d 590, 592 (5th Cir. 2003). The Fifth Circuit has found that "§ 1252(a)(2)(B)(ii) strips [the court] only of jurisdiction to review discretionary authority *specified in the statute*." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Specifically, that authority for which it is specified to be in the discretion of the Secretary of Homeland Security.

Under the Administrative Procedures Act, "non-statutory" judicial review is only permitted for "final agency action." *Veldhoen v. U.S. Coast Guard, T.A.*, 35 F.3d 222, 225 (5th Cir.

1994) *see also* 5 U.S.C. § 704. If there is no "final agency action," as required by the controlling statute, a court lacks subject matter jurisdiction. *Id. see also Federal Power Comm'n v. Metropolitan Edison Co.*, 304 U.S. 375, 383-85 (1938); *Geyen v. Marsh*, 775 F.2d 1303, 1308-09 (5th Cir. 1985).

Pursuant to the language of § 1153(b)(2)(B)(i), under which Plaintiff pleads to have sought classification as an advanced degree professional with national interest waiver of labor certification and job offer requirements, the Secretary of Homeland Security is granted discretionary authority to waive the national interest requirements. 8 U.S.C. § 1153(b)(2)(B)(i)[1] and 8 U.S.C. § 1252(a)(2)(B)(ii)[2]. As such, this Court finds no legal or factual basis to overturn the USCIS discretionary denial

---

[1] 8 U.S.C. §1153(b)(2)(B)(i) provides in part that "the Attorney General may, when the Attorney General deems it to be in the national interest, waive the requirements ... that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States." As of March 1, 2003, in accordance with §§ 1517 of Title XV of the Homeland Security Act of 2002 ("HSA"), Pub. L. No. 107-296, 116 Stat. 2135, any reference to the Attorney General in a provision of the Immigration and Nationality Act describing functions which were transferred from the Attorney General or other Department of Justice official to the Department of Homeland Security by the HSA "shall be deemed to refer to the Secretary" of Homeland Security. *See* 6 U.S.C. §§ 557 (2003)(codifying HSA, Title XV, §§ 1517).

[2] As it pertains to matters not subject to judicial review in regards to orders of removal, 8 U.S.C. §1252(a)(2)(B)(ii) provides:

> [A]ny other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

of Plaintiff's immigrant petition for alien worker pursuant to § 1252(a)(2)(B)(ii).

Furthermore, since removal proceedings have not commenced against Plaintiff, Plaintiff has failed to exhaust all administrative remedies pursuant to 5 U.S.C. § 704. There is no final agency action. Until then federal courts should refrain from using premature rulings in deference to the opportunity for final agency action.

Defendants' Opposed Motion to Dismiss is **GRANTED.**

New Orleans, Louisiana this 1st day of March, 2010.

                                        IVAN L. R. LEMELLE
                            UNITED STATES DISTRICT JUDGE